IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| SHERRY SELMAN and ROBERT R. SELMAN,<br><br>   Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>)   JURY TRIAL DEMANDED<br>)<br>) |

## COMPLAINT

COMES NOW Robert and Sherry Selman, by and through their undersigned attorney, and as their complaint against the above-named defendants state as follows:

## JURISDICTION

1.     This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331 and 12 U.S.C. § 2614. Plaintiffs also asserts various state law tort claims arising from the same set of operative facts as to which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## SUMMARY OF CLAIMS

2.     These claims arise from the careless servicing of a real estate mortgage loan relating to the Plaintiffs' home, and principal residence, located in Daphne, Alabama. Some of claims brought are under the Real Estate Settlement Procedures Act ("RESPA"), 12. U.S.C. § 2601 et seq. Claims are also brought under the Truth-in-Lending 15 U.S.C. § 1601 et seq., breach of contract and the common law of the State of Alabama for the failure to timely credit their monthly mortgage payments to their account. CitiMortgage, Inc., ("CitiMortgage") failed to make timely payments out of escrow to fund premiums for Plaintiffs' hazard insurance in

1

violation of 12 U.S.C. § 2605(g). Plaintiffs also claim that CitiMortgage, failed to timely respond to a qualified written request in violation of 12 U.S.C. § 2605(f). Plaintiffs assert common law claims of fraud, conversion, negligence and wantonness in connection with CitiMortgage's mismanagement of their escrow funds and monthly payments.

## PARTIES

3. Plaintiffs are adult residents of Baldwin County and the owners of real property located at 9580-A Milton Jones Road, Daphne, Alabama, (hereinafter the "Property").

4. CitiMortgage is foreign a corporation with its principal place of business in O'Fallon, Missouri and at all times relevant hereto, did business in Baldwin County, Alabama.

## FACTUAL ALLEGATIONS

## FACTS RELEVANT TO THE RESCISSION

## AND TRUTH-IN-LENDING CLAIMS

5. Plaintiffs reside at 9580-A Milton Jones Road, Daphne, Alabama. On or about March 20, 2009, Plaintiffs obtained a mortgage loan from RBC Bank which was secured by their principal residence. The amount of the loan was $159,000.00 and it was financed over a period of 30 years, with a fixed interest rate. Monthly payments of principal and interest are due in the amount of $927.88.

6. The mortgage was not a purchase money mortgage and was, therefore, subject to Truth-in-Lending rescission rights pursuant to 15 U.S.C. §1635.

7. Shortly after the loan closing the servicing of the Selmans' loan was transferred to CitiMortgage and the beneficial interest in the loan was transferred to Fannie Mae.

8. On about March 8, 2012 CitiMortgage commenced foreclosure on the Selman's home.

9. In furtherance of the foreclosure process, CitiMortgage recorded an assignment from the originator of the Selman's loan to itself on March 29, 2012.

10. Pursuant to the Truth-in-Lending Act Section 1641(g) CitiMortgage was required to send a notice to the Selmans informing them that it had acquired their mortgage loan. CitiMortgage failed to provide them with the "new creditor" notice as required.

11. On March 19, 2012, the Selmans sent a notice of cancelation of the mortgage of the mortgage loan, pursuant to 15 U.S.C. § 1635, to CitiMortgage and as of the date of the date of this complaint CitiMortgage has failed take steps to recognize their rescission.

12. Under Regulation Z §1026.17(d) each of the Selmans was entitled to their own copy of the Truth-in-Lending disclosure and at the loan closing only one copy was provided. Furthermore, they were each entitled to 2 copies of the Notice of Right to Cancel the transaction (a total of 4 copies) and they only received 2 copies.

13. Also, the finance charge was understated by more than $35.00 because various fees, including but not limited to the charge for tile title insurance, were padded and not bona fide or reasonable.

14. At the loan closing the plaintiffs were required to pay $1,897.40 for full years' hazard insurance premium. Plaintiffs were also required to pay an additional $632.48, at the closing and, then, $158.12 per month into an escrow account for hazard insurance to be paid the following year.

15. Plaintiffs were further required to pay the amounts necessary for payment of taxes into an escrow account initially maintained by RBC Bank. After adding another $46.26, for the payment of property taxes their total monthly payment, including taxes and insurance, was $1,131.97.

16.     Inexplicably, in January of 2012, CitiMortgage stopped sending the Sellmans monthly statements, ceased applying any of the Plaintiffs' payments to their mortgage account and begin a campaign of threatening and commencing foreclosure, charging fees for "property inspection" (at least 17 property inspections have been performed on the property according to the fees charged), late fees, attorney's fees and other fees.

17.     On March 19, 2012 the Selmans, through their attorney, served a notice of cancelation of their mortgage and CitiMortgage has failed and refused to take the steps necessary to recognize their rescission.

## FACTS RELEVANT TO THE LOAN SERVICING
## AND INSURANCE RELATED CLAIMS

18.     CitiMortgage assumed the servicing of Plaintiffs' loan on or about April, 2009 and was required under the mortgage to pay insurance and taxes out of escrowed funds.

19.     On or about January 26, 2010, Plaintiffs received notice from their insurance agency that the premium for their homeowners' policy had not been paid. They were unconcerned because they knew that CitiMortgage was to pay the premium from their escrow account. A few weeks later, however, they received a notice that their policy had lapsed for non-payment.

20.     Plaintiffs had timely made all payments due under the mortgage, including the amounts necessary for payment of the taxes and insurance.

21.     After receiving the notice of lapse, the Selmans contacted their insurance agent and learned that CitiMortgage had failed to timely pay the hazard insurance premium from their escrow account.

22.     Since the plaintiffs' insurance policy had lapsed for nonpayment, their insurance company required their policy to be underwritten again. Plaintiffs were able to have the policy reinstated at a much higher price, but after inspecting the home, Plaintiffs' insurance carrier demanded expensive modifications and unnecessary repairs to the home that the plaintiffs were unable to afford. Eventually the insurance carrier, on June 24, 2010, canceled the insurance policy and Plaintiffs' sought coverage from other insurance companies.

23.     Pursuant to Section 5 of Plaintiffs' mortgage, the mortgage servicer can purchase insurance on the home and "force place" it if there is no other suitable insurance on the property. Furthermore the servicer may charge the borrower the full cost of the premium.

24.     Section 5 of the mortgage "Uniform Covenants" sets forth the procedure for Defendant's advance, if any, of funds for force-placed insurance. Section 5 states in pertinent part:

> Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower, secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

25.     On or about September 1, 2010, CitiMortgage forced placed insurance on Plaintiffs' home. The premium was represented to be $5,049 and this amount was charged against the Plaintiffs' escrow account. However, this was not the actual amount paid by CitiMortgage for the insurance because a substantial portion of the premium was retained or refunded to CitiMortgage in the form of kickbacks and/or "commissions."

26.     At the time the insurance was force placed the loan had an unpaid balance of approximately $152,831.03. This was the extent of CitiMortgage's and/or Fannie Mae's interest in the home.

27.     CitiMortgage did not charge the premiums for "force-placed insurance" as "additional debt" as required by of Section 5 of the Uniform Covenants contained in their mortgage. Instead, CitiMortgage charged the force-placed insurance against the Selmans' escrow account causing a large shortage.

28.     After a long search, the Selmans were finally able to obtain new insurance coverage on February 2, 2011 and CitiMortgage credited their account with a small fraction of the forced placed insurance charge.

29.     The Sellmans' mortgage at section 2 states the following:

b. Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note. If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note. Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

30.     CitiMortgage has failed to credit the Sellmans' payments as set out above and is holding numerous payments in "suspense" instead of applying them to their mortgage loan.

31.     According to CitiMortgage's responses to qualified written requests, which were not produced by CitiMortgage in a timely manner, none of the payments the Selmans have made in 2012 have been credited to their loan.

32.     At the time the insurance was forced placed, the Selmans mortgage had an unpaid principal balance of $156,602.14. CitiMortgage, instead of taking out a policy in an amount equal to the value of its interest in the Selmans' property, force placed a policy with limits of liability of $253,600.00 at a cost of $5,049.00.

33.     According to the Baldwin County revenue commissioner's office during the year 2010 the Selmans' home, including value of the lot, was $207,600. In other words, CitiMortgage forced placed insurance in an amount exceeding not only the value of the home but also the value of the home plus the lot it rests on.

34.     Of course one does not usually insure the property that a home or building rests upon. Furthermore the policy purchased by CitiMortgage specifically excludes any coverage of the "land."

35.     The pertinent portion of the policy purchased by CitiMortgage states as follows:

2. Property Not Covered
   a. Personal Property of any kind.
   b. Outdoor trees, shrubs, plants, and lawns.
   c. Outdoor swimming pools; fences, piers, wharves and docks; beach or diving platforms or appurtenances; retaining walls not constituting a part of buildings; walks; roadways; and other paved surfaces.
   d. Cost of excavations, grading or filling.
   e. Foundations of buildings, machinery, boilers or engines which foundations are below the surface of the ground.
   f. Pilings, piers, pipes, flues, and drains which are underground.
   g. Pilings which are below the low water mark.
   h. Land (including land on which the property is located).

36.     According to The New York Times the New York state Department of Financial Services is investigating this practice. See: http://www.nytimes.com/2012/05/22/business/new-york-investigates-home-insurer-payments-to-banks.html?pagewanted=all.

37.     Birny Birnbaum, of the Center for Economic Justice, testified before Congress regarding this issue, and stated that over $5 billion in premium was charged for lender placed insurance was written in 2010 alone. See:

7

http://financialservices.house.gov/UploadedFiles/072811birnbaum.pdf.

38. CitiMortgage force places excessive insurance because the larger the insurance premium it can charge the more commission or kickback it receives. The policy forced-placed on the Selmans' home would never pay the amount it was taken out for because the policy specifically does not cover the "land."

39. On March 19, 2012, in an effort to get their dispute resolved and their account with CitiMortgage corrected the Sellmans, through their attorney, mailed a Qualified Written Request to CitiMortgage requesting, among other things a payoff figure and a payment history.

40. CitiMortgage failed to respond to the qualified written request until June 21, 2012.

41. On June 5, 2012 Mrs. Selman sent a second qualified written request explaining that CitiMortgage had mishandled her escrow account and inquired about the surplus in the escrow account which was shown on an escrow statement to be $4,895.37 and, as of the date of this complaint, CitiMortgage has failed to respond.

42. CitiMortgage failed to respond to either qualified written request as required in by RESPA. CitiMortgage also failed to conduct any reasonable investigation or take any reasonable corrective actions in response to the Plaintiffs' qualified written requests.

## CAUSES OF ACTION
## COUNT ONE - NEGLIGENCE

43. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

44. CitiMortgage has been negligent in their managing and servicing of Plaintiffs' mortgage account. CitiMortgage' negligence includes, but is not limited to, (1) the mis-allocation or misplacement of payments made by Plaintiffs; (2) the failure to accurately account for the

payments made by Plaintiffs; (3) failing to properly credit payments; (4) failing to timely pay their hazard insurance premium; (5) the imposition of improper and unauthorized charges, including charges for lender placed insurance where there was no basis for the imposition of such insurance; and (6) instituting foreclosure, threatening foreclosure and otherwise holding Plaintiffs out as being in default when CitiMortgage knew or should have known that Plaintiffs were in compliance with the terms of their mortgage. These actions constitute negligence and Plaintiffs have suffered damage as a proximate result thereof.

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor against CitiMortgage, and award compensatory damages, including mental anguish and emotional distress, plus and costs.

## COUNT TWO
## WANTONNESS/WILLFULNESS

45.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

46.     CitiMortgage has been wanton in their managing and servicing of Plaintiffs' mortgage account. CitiMortgage's wantonness includes, but is not limited to, (1) the mis-allocation or misplacement of payments made by Plaintiffs; (2) the failure to accurately account for the payments made by Plaintiffs; (3) failing to properly credit payments; (4) failing to timely pay their hazard insurance premium; (5) the imposition of improper and unauthorized charges, including charges for lender placed insurance where there was no basis for the imposition of the amount of such insurance; and (6) instituting foreclosure, threatening foreclosure and otherwise holding Plaintiffs out as being in default when CitiMortgage knew or should have known that Plaintiffs were in compliance with the terms of their mortgage. These acts and omissions were

taken with a willful, wanton, reckless or conscious disregard for the Plaintiffs' rights and well-being, and have damaged Plaintiffs.

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor against CitiMortgage and award compensatory damages, including mental anguish and emotional distress, as well as punitive damages and costs.

## COUNT THREE
## BREACH OF THE MORTGAGE AGREEMENT

47.   The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

48.   CitiMortgage has breached the mortgage and note by, among other acts and omissions, failing to provide credit for payments made by Plaintiff, failing to allocate payments as provided in the mortgage, failing to properly make payments out of Plaintiffs' escrow account, imposing lender placed insurance, after it had allowed the insurance to lapse for non-payment, in an coverage amount more than its insurable interest in the home and even more than the insurable value of the home and instituting foreclosure proceedings in the absence of a default by Plaintiffs.

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor against CitiMortgage and award compensatory damages, including mental anguish and emotional distress, plus costs.

## COUNT FOUR
## WRONGFUL FORECLOSURE

49.   The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

50. CitiMortgage has breached the mortgage and note by, among other acts and omissions, failing to provide credit for payments made by Plaintiffs, failing to allocate payments as provided in the mortgage, imposing lender placed insurance with excessive amounts of coverage and instituting foreclosure proceedings in the absence of a default by Plaintiffs.

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor against CitiMortgage and award compensatory damages, including mental anguish and emotional distress, plus costs.

## COUNT FIVE
## REQUEST FOR INJUNCTIVE
## AND DECLARATORY RELIEF

51. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

52. This count is brought pursuant to the provisions of the Code of Alabama, 1975, § 6-6-220 *et seq.* and the common law.

53. There exists an actual and justiciable controversy between Plaintiffs and CitiMortgage on which substantial property rights depend.

54. CitiMortgage has consistently maintained that Plaintiffs are in default on the mortgage despite Plaintiffs compliance and despite having received proof of payment. Plaintiffs contend that they are not, nor have ever been, in default.

55. CitiMortgage has repeatedly and is currently threatening foreclosure, despite the Plaintiffs' compliance with the mortgage. Without action from this Court, Plaintiffs will continue to be subjected to these threats and possible foreclosure even though they remain current and in compliance with the mortgage.

56. Plaintiffs offer to do equity.

WHEREFORE, Plaintiffs respectfully request that the Court render the following relief:

A. Declare that Plaintiffs have satisfied the requirements of the Mortgage and are not in default;

B. Declare that the purchase of the lender placed policy with a coverage amount of $253,600.00 was unwarranted because that amount exceeded the insurable value of he home;

C. Order CitiMortgage provide a complete accounting of (1) all money received over the course of the loan and how each payment has been allocated; (2) all money paid by Plaintiffs to lender for insurance placed by the lender; and (3) all money paid by CitiMortgage for insurance and taxes; and

D. Any other relief the Court deems proper, the premises considered.

## COUNT SIX
## RESPA VIOLATIONS

57. Plaintiffs reallege all the preceding allegations as if set out here in full.

58. Defendant CitiMortgage, since March of 2009, has been the servicer of the Plaintiffs' mortgage.

59. Plaintiffs' loan is a federally related mortgage loan within the meaning of 12 U.S.C. § 2602(1).

60. Plaintiffs' mortgage requires them to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of property taxes and hazard insurance premiums.

61. CitiMortgage has violated RESPA, 12 U.S.C. § 2605(g), by failing to properly manage and Plaintiffs' escrow account. The failure to properly manage the escrow account

includes, but is not limited to, the failure to collect sufficient sums necessary for the payment of the items to be paid out of escrow; the failure to make timely payments out of escrowed funds for hazard insurance; and the failure to otherwise ensure that the hazard insurance required to be paid with the escrowed funds did not lapse.

62. Defendant CitiMortgage has also violated RESPA, 12 U.S.C. § 2605(e), by failing to timely respond to Plaintiffs' qualified written requests.

WHEREFORE, Plaintiffs demand judgment against Defendant CitiMortgage for violation of RESPA awarding Plaintiffs the remedies provided under that statute, including but not limited to actual damages, statutory damages provided in 12 U.S.C. § 2605(f), attorney's fees and all costs of this litigation, and all other just, general and equitable relief.

## COUNT SEVEN
### (BREACH OF FIDUCIARY DUTY)

63. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

64. CitiMortgage owes Plaintiffs an implied fiduciary duty of fairness and good faith as to all aspects of the mortgage agreement, including the institution of foreclosure proceedings and the exercise of any power of sale clause contained in the mortgage.

65. The acts and omissions made by CitiMortgage in connection with the management of the Plaintiffs' account and the institution of the foreclosure proceeding contrary to the terms of the mortgage constitute a breach of the duties owed by CitiMortgage to Plaintiffs. The trust imposed on CitiMortgage by operation of law and equity has been breached by the acts and omissions of CitiMortgage as alleged herein. Plaintiffs have been damaged as a result of said breach.

WHEREFORE, Plaintiffs request that this Court enter a judgment against CitiMortgage for breach of their duties owed to Plaintiffs. Plaintiffs also request that this Court award compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs, and punitive damages. Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

## COUNT EIGHT
## SLANDER

66. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

67. In publishing the above-described foreclosure notice, CitiMortgage published false and defamatory information concerning Plaintiffs. Specifically, CitiMortgage published statements indicating that Plaintiffs were in default of their mortgage and that CitiMortgage were rightfully entitled to foreclose. Those statements were made with the knowledge that they were false or with reckless disregard of whether they were false.

68. Plaintiffs have suffered damage as a result of CitiMortgage's defamatory statements.

WHEREFORE, Plaintiffs requests that this Court enter a judgment against CitiMortgage for defamation and award compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

## COUNT NINE
## RESCISSION UNDER THE TRUTH-IN-LENDING ACT

69. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

70. Plaintiffs have properly and effectively cancelled and rescinded their loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

71. In the course of this consumer credit transaction, the original lender violated 15 U.S.C § 1635(a) and Regulation Z § 1026.23(b) by failing to deliver to the Plaintiffs four copies of the notice of the right to cancel; failed to deliver the required number of TILA disclosure forms; and failed to accurately disclose the finance charge. Plaintiffs have a continuing right to rescind the transaction pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3).

**WHEREFORE**, Plaintiffs respectfully requests that this Court enter judgment against CitiMortgage and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. § 1640(a);

B) Actual damages in an amount to be determined at trial;

C) Rescission of Plaintiff's loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring CitiMortgage to release such security interest;

E) Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiff has no duty to tender the loan proceeds to CitiMortgage, but in the alternative, if tender is required, a determination of the amount of

tender obligation in light of all of the Plaintiff's claims, and an order requiring CitiMortgage to accept tender on reasonable terms and over a reasonable period of time;

G)   An award of reasonable attorney fees and costs; and

H)   Such other relief at law or equity as this Court may deem just and proper.

## COUNT TEN
## UNJUST ENRICHMENT

72.   The plaintiff adopts and realleges all prior paragraphs as if set out here in full.

73.   The actions of the defendant in over-insuring Plaintiffs' property enable it to reap extra profits, in the form of kickbacks and commissions, for its own benefit to which the defendant is not entitled under any contract between the parties.

74.   As a result of the defendant's conduct, the plaintiffs have been injured and damaged and the defendant has been unjustly enriched.

75.   The plaintiffs claim all damages allowable under law as a result of the defendant's wrongful conduct.

WHEREFORE, premises considered, the plaintiffs demand judgment against the defendant in such an amount of compensatory and punitive damages as a jury deems reasonable and may award.

## COUNT ELEVEN
## CONVERSION

76.   The Plaintiff adopts and realleges all prior paragraphs as if set out here in full.

77.   CitiMortgage received funds belonging to Plaintiff in the amount of monthly payments made in 2012 and, instead of applying them to Plaintiffs' mortgage, converted them to its own use.

78. This constituted a wrongful taking, an illegal use or misuse and/or an illegal assertion of ownership of the Plaintiffs' property.

79. This illegal conversion was done wantonly, recklessly, willfully and/or under circumstances of insult, malice and/or in knowing violation of the Plaintiff's rights.

80. As a result of the above actions, the Plaintiffs have been, and continue to be, injured and damaged.

WHEREFORE, the Plaintiffs respectfully demand judgment against CitiMortgage for compensatory and punitive damages in an amount to be determined by the jury, and for such further, other and different relief to which they may be entitled.

## COUNT TWELVE
## TRUTH IN LENDING ACT

81. Plaintiffs adopt and reallege all prior paragraphs of the complaint as if fully set forth herein.

82. CitiMortgage was required by 15 U.S.C. § 1639f to promptly credit the plaintiffs' account with the monthly payments and continues failing to do so.

83. Upon its receipt of an assignment of Plaintiffs' mortgage loan CitiMortgage became their creditor. See 15 U.S.C. § 1641(g), 12 C.F.R. § 1026.39 and the Official Staff Commentary to 12 C.F.R. § 1026.39.

84. Within 30 days of the assignment CitiMortgage was required by 15 U.S.C. § 1641(g)(1) to disclose the following information:

    (A) the identity, address, telephone number of the new creditor;

    (B) the date of transfer;

    (C) how to reach an agent or party having authority to act on behalf of the new creditor;

   (D) the location of the place where transfer of ownership of the debt is recorded; and

   (E) any other relevant information regarding the new Creditor.

85. CitiMortgage failed to send Plaintiffs this information as required.

Wherefore Plaintiff demands judgment for:

  a. Actual damages;

  b. Compensatory damages;

  c. Statutory damages of $4000.00 for each violation;

  d. Attorneys' fees; and

  e. Costs of this action.

### COUNT THIRTEEN
### FAIR DEBT COLLECTION PRACTICES ACT
### ("FDCPA")

86. The Plaintiffs adopt and reallege all prior paragraphs as if set out here in full.

87. The debt at issue herein is a consumer debt because it was secured by a mortgage on the plaintiffs' principal residence.

88. CitiMortgage is a debt collector because it received an assignment of the debt at issue after the debt was considered by it to be in default.

89. CitiMortgage has violated the FDCPA in at least the following ways by:

a. Engaging in conduct designed to harass, oppress, or abuse the plaintiff in connection with the collection of a debt;

b. Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the plaintiff;

c. Misrepresenting the character or legal status of the debt;

d. Attempting to collect sums that are not due;

  e. Threatening to take non-judicial action to effect dispossession the plaintiff's property when it had no legal right to do so; and

  f. Failing to make the disclosures required by 15 U.S.C. § 1692g.

Wherefore, Plaintiffs demand judgment for actual damages, statutory damages and attorney's fees.

**PLAINTIFFS DEMAND TRIAL BY JURY ON EACH AND EVERY COUNT ABOVE.**

         /s/ Earl P. Underwood, Jr.
         EARL P. UNDERWOOD, JR. (UNDEE6591)
         KENNETH J. RIEMER (RIEMK8712)
         Underwood & Riemer, P.C.
         Attorney for Plaintiffs
         21 South Section Street
         251.990.5558 Telephone
         251.990.0626 Fax
         epunderwood@alalaw.com
         kjr@alaconsumerlaw.com

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AS FOLLOWS:**

CitiMortgage, Inc.
c/o C T Corporation System
2 North Jackson St. Suite 605
Montgomery, AL 36104